IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN B. McCULLERS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL CHERTOFF, Secretary, | : | |
| Department of Homeland | : | |
| Security | : | NO. 07-4187 |

MEMORANDUM

McLaughlin, J.                                              May 1, 2009

　　　　In October 2007, the plaintiff filed a complaint
stating that the Federal Air Marshal Service terminated him
because of his race in violation of Title VII, 42 U.S.C. § 2000e
et seq. (Count I), and 42 U.S.C. § 1981 (Count II).  The Court
dismissed Count II of the complaint by Order dated March 6, 2008.
See Docket No. 22.  On January 26, 2009, the plaintiff filed a
request for leave to amend his complaint to reassert Count II and
to add two additional claims:  a claim of disability
discrimination under the Rehabilitation Act and the Americans
with Disabilities Act ("ADA"); and a constitutional claim for
violation of the due process clauses of the Fifth and Fourteenth
Amendments.  For the reasons herein stated, the plaintiff's
motion is denied.

　　　　As the Court explained in its Order of March 6, 2008,
42 U.S.C. § 1981 does not apply to persons acting under color of
federal law.  Rather, Title VII is the exclusive remedy for
federal employees alleging race discrimination in the workplace.

See Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997);
see also Dotson v. Griesa, 398 F.3d 156, 162 (2d Cir. 2005)
(holding that § 1981 does not apply to actions taken by federal
officials).  Although the plaintiff argues that § 1981 applies
because he is no longer a federal employee, for the purposes of
this action, it matters only that the alleged actions were taken
by the defendant pursuant to his authority given by federal, not
state, law.  Section 1981 does not apply to such actions.  The
plaintiff's motion to reconsider dismissal of Count II is
therefore denied.

        The plaintiff's motion for leave to amend is also
denied.  Generally, leave to amend a complaint is to be "freely
given when justice so requires."  Fed. R. Civ. P. 15(a).  A
request to amend may be denied, however, when the moving party
has demonstrated undue delay, bad faith, or dilatory motives;
when the amendment would prejudice the other party; or when the
amendment would be futile.  Hill v. City of Scranton, 411 F.3d
118, 134 (3d Cir. 2005).  Futility means that the amended
complaint would fail to state a claim upon which relief could be
granted.  Thus, futility is governed by the same standard of
legal sufficiency as a Rule 12(b)(6) motion to dismiss.  In re
Alpharma Inc. Sec. Litig., 372 F.3d 137, 153-54 (3d Cir. 2004).

        Amendment to add the plaintiff's Rehabilitation Act/ADA
claim is unduly dilatory.  Although the plaintiff alleges that he

-2-

has discovered "new information that supports his claim," the allegations stated in his proposed amended complaint to support his disability discrimination claim are virtually identical to those stated in support of his Title VII claim in his original complaint filed in October 2007.  Compare Compl. ¶ 64 (Docket No. 1) with Prop. Am. Compl. ¶ 68, attached to Pl.'s Mot. (Docket No. 40).  The plaintiff was not unaware of the possibility of filing a disability discrimination claim - he filed such a claim with the EEO in 2005.  The plaintiff offers no explanation for his failure to assert this claim in his original federal complaint, or for his assertion of such a claim at this stage.[1]

Allowing the plaintiff leave to add his disability discrimination claim would also be prejudicial to the defendant. Granting the plaintiff's motion would either force the defendant to proceed without discovery related to the plaintiff's alleged disability, or it would force the Court to reopen discovery so that the defendant could serve further discovery requests and interrogatories on the plaintiff and/or retake the plaintiff's deposition.  Because the plaintiff could have stated this claim

---

[1] The plaintiff stated at a telephone conference on January 12, 2009, that he wanted to amend his complaint based on a Supreme Court case that "overturned the issue" relating to "the count that was dismissed earlier."  1/12/09 Tr. at 5-6 (Docket No. 39).  The only count that the Court has dismissed is the plaintiff's § 1981 claim.  The plaintiff has not, however, stated a basis for the introduction of the other claims in his proposed amended complaint at this time.

-3-

in his original federal complaint or amended his complaint
earlier to state such a claim, forcing the defendant to engage in
additional discovery at this stage would be prejudicial.[2]

Amendment to add the plaintiff's proposed
constitutional claim, on the other hand, is futile.  Title VII
and the Rehabilitation Act are the exclusive avenues for
redressing claims of race and disability discrimination in
federal employment.  Robinson, 107 F.3d at 1020-21; Spence v.
Straw, 54 F.3d 196, 202-03 (3d Cir. 1995).  To the extent that
the plaintiff seeks a separate nonstatutory remedy for a denial
of constitutional due process arising out of the defendant's
decisions (1) to deny him participation in "various agency-wide
programs," (2) to fail to give him a "formal offer" for a
specific light duty position or to return him to light duty
status, and (3) to discharge him, the Court cannot grant such a
remedy.  See Prop. Am. Compl. ¶¶ 53, 70(f)-(g).

Although federal courts have exercised jurisdiction to
hear nonstatutory constitutional claims under certain

_____

[2] The plaintiff also asks "that he be allowed to join each
Supervisor and Manager in their official and individual
capacities."  Pl.'s Mot. at 14.  Although this request appears in
the portion of the plaintiff's motion pertaining to his request
for reconsideration of his § 1981 claim, even if the Court
construes this request as pertaining to his Title VII claim, the
Court will not grant leave to amend.  The plaintiff has not
explained why these individuals were not included in his original
complaint.  The Court will deny leave to add these defendants for
the same reasons that it will deny leave to add the plaintiff's
proposed Rehabilitation Act/ADA claim.

-4-

circumstances, they will not do so when a statutory scheme provides adequate relief.  See Schweiker v. Chilicky, 487 U.S. 412, 420-23 (1988); Bush v. Lucas, 462 U.S. 367, 388-89 (1983). The United States Court of Appeals for the Third Circuit has stated that the Civil Service Reform Act of 1978 ("CSRA") provides "the full scheme of remedies available" for "constitutional violations arising out of the employment relationship," and that the CSRA thus prevents federal employees from bringing constitutional claims for "job-related wrongs." Sarullo v. U.S. Postal Service, 352 F.3d 789, 795-96 & n.5 (3d Cir. 2003) (citing Mitchum v. Hurt, 73 F.3d 30, 35 (3d Cir. 1995)).[3]

Because the plaintiff's nonstatutory constitutional claim arises out of the employment relationship and pertains to job-related wrongs, the Court cannot grant the plaintiff the nonstatutory remedy he seeks.  Amendment to add the plaintiff's proposed constitutional claim is therefore futile.

An appropriate Order shall issue separately.

---

[3] The Supreme Court has found nonstatutory constitutional remedies to be available only when the plaintiff is suing a federal officer or employee in her individual capacity.  See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The plaintiff does not allege any individual actions taken by defendant Chertoff.  However, even if the plaintiff did allege such actions, the plaintiff's claim would be barred by the CSRA.

-5-